■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Louis F. McIntosh, Jr., Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: None of the issues raised by defendant on appeal warrants reversal. The weight of the evidence supports the jury's verdict. The court sustained defendant's objection to the reference by the prosecution's witness that defendant had made a statement and the fact that the jury heard this reference was not so prejudicial as to warrant a mistrial. None of the alleged improper statements by counsel on summation was objected to and none was so egregious as to warrant review in the interest of justice. The suppression court properly denied defendant's motion to suppress the identification testimony of the prosecution's witness. The array of photographs shown to her and the lineup she viewed were not impermissibly suggestive and she had an independent source for her in-court identification. The court's instruction to the jury concerning identification testimony was correct and detailed and the court was not required to give the instruction in the language requested by defendant.

The conviction for grand larceny in the third degree, however, must be reduced to grand larceny in the fourth degree. The crime charged, larceny committed by taking property from the person of another, constitutes grand larceny in the ' fourth degree (see, Penal Law § 155.30 [5]). The sentence of 1½ to 3 years on the larceny conviction may stand because it is the minimum permissible sentence for a second felony offender convicted of the E felony of grand larceny in the fourth degree. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, second degree, and other charges.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.